IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BETH ANN STINER,

 Plaintiff,

 v.    CIVIL NO.: WDQ-13-1484

THE BOARD OF EDUCATION OF
CECIL COUNTY MARYLAND, et al.,

 Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Beth Ann Stiner, *pro se*, sued the Board of Education of Cecil County, Maryland (the "Board") and D'Ette Devine, Superintendent of Cecil County Public Schools, for violating the Americans with Disabilities Act of 1990 ("ADA")[1] and the Rehabilitation Act of 1974 (the "Rehabilitation Act").[2] Pending is the defendants' unopposed motion to dismiss for failure to state a claim or for summary judgment. ECF No. 4. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, the defendants' motion, construed as a motion to dismiss, will be granted.

---

[1] 42 U.S.C. § 12-101 *et seq.*

[2] 29 U.S.C. §§ 791, 794a.

I.  Background[3]

In winter 2000, Stiner was diagnosed with narcolepsy.[4] ECF No. 1 ¶ 2. In August 2002, Stiner was hired as an elementary school teacher by the Board and placed in Cecil County Public Schools. *See id.* ¶ 3. In May 2004, after two years of positive performance evaluations,[5] Stiner was granted tenure. *See id.* ¶¶ 6-8. From 2004 through 2008, after receiving tenure, Stiner continued to receive positive reviews for her teaching performance.[6] *See id.* ¶¶ 9-12, 14-15.

For the 2008-2009 school year, Stiner switched to a new school. *Id.* ¶ 16. She found the students at the new school "more demanding and stressful than at the school she had

---

[3] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[4] Stiner's condition is allegedly "considered to be a handicapping condition under the" ADA and Rehabilitation Act. ECF No. 1 at 2.

[5] Stiner received performance ratings of "effective," which is "the highest rating a classroom teacher can receive." ECF No. 1 ¶ 6.

[6] For the 2006-2007 school year, Stiner took a leave of absence. *See* ECF No. 1 ¶ 13. In February 2007, she ended the leave of absence early and worked as a paraprofessional for the remainder of the year, again earning positive performance reviews. *See id.*

previously taught at." *Id.* Although her performance remained strong, her narcolepsy worsened because of "the increased demands and stress." *Id.* ¶¶ 16-17. She often had difficulty arriving at school by 8:15am, the start of the teachers' work day. *Id.* ¶ 17. Although she often arrived 5-10 minutes past 8:15am, she never arrived past 8:45am, when school started for the students. *Id.* To compensate for her late start times, Stiner "often worked late during a school day, often working into the early evening in order to complete grading tests, checking children's school work, and working on lesson plans for the following day." *Id.* ¶ 33.

During winter 2009, Stiner "began to get scolded regularly and her time of arrival was monitored on a nearly daily basis." *Id.* ¶ 18. By the end of the school year, she "had been given a written warning about compliance with the expected arrival time of 8:15AM for teachers." *Id.* Although she "repeatedly explained the nature of her condition to her immediate supervisors," and orally requested accommodation for her disability with a flexible start time, "Stiner was told that she didn't take her career seriously because she continued to arrive late." *Id.* At the end of the school year, the school administration gave Stiner "forms to formally request accommodations under [the] ADA for her narcolepsy." *See id.* In

May 2009, she gave the completed forms to the school principal, James Orr. *Id.* ¶¶ 18-19.

On the first day of the 2009-2010 school year, Stiner met with school administrators who informed her "that her request for accommodation had been denied by D'Ette Devine . . . the Assistant Superintendent of Administrative Services," because "teachers were expected to arrive at school by 8:15AM and [it] wasn't acceptable to arrive after the established time." *Id.* ¶ 21. She was not given a written denial. *Id.* During that meeting, Cathy Nacrelli, the new principal, also placed Stiner on a "Progressive Discipline Plan" but did not inform her of that. *Id.* ¶¶ 20-22. Before that meeting, Stiner had never received a performance rating below "Effective." *Id.* ¶ 22.

"During the 2009-2010 school year, Stiner's teaching was observed nine times and all nine observations were rated as overall Unsatisfactory." *Id.* ¶ 23. Stiner was then placed on a "Performance Improvement Plan" ("PIP"). *Id.* ¶ 24. The PIP required Stiner to meet with the school administration every week at 8:15am. *Id.*

Stiner's poor performance ratings continued during the 2010-2011 school year. *Id.* ¶ 25. Also, Nacrelli "increasingly . . . harassed" Stiner "over her times of arrival." *Id.* ¶ 26. In May 2011, Stiner was placed on administrative leave. *Id.* ¶ 27. After a hearing, at which Stiner was represented by

4

counsel, Stiner's employment was terminated. *See id.* ¶¶ 4, 27-30. Stiner alleges that, if the school had "permitted a reasonable accommodation," she could have "perform[ed] her job as a teacher satisfactorily." *Id.* ¶ 31.

Stiner filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[7] *See* ECF No. 1-1. On February 13, 2013, the EEOC mailed a notice of dismissal and right to sue letter to Stiner.[8] *See id.* On May 21, 2013, Stiner sued the Board and Devine alleging that they had violated the ADA and the Rehabilitation Act by failing to grant her a reasonable accommodation for her disability and retaliating against her for requesting an accommodation. *See* ECF No. 1 at 2, 12.

On July 18, 2013, the defendants moved to dismiss or for summary judgment. ECF No. 4. On July 19, 2013, the Court mailed Stiner a "Rule 12/56 letter" informing her of the defendants' motion and warning her that, if she did "not file a timely written response, the Court may dismiss the case or enter

---

[7] The complaint does not identify when Stiner filed a discrimination charge, or attach a copy of the charge, but the EEOC's letter dismissing Stiner's charge is attached. *See* ECF No. 1-1.

[8] The letter stated that discrimination claims must be filed in court within 90 days of the date of receipt of the letter. *See* ECF No. 1-1 at 2.

5

judgment against" her. ECF No. 6. Stiner did not oppose the defendants' motion.

II. Analysis

A. Legal Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. Stiner's Claims

1. Individual Liability

The defendants argue that Stiner's claims against Devine must be dismissed, because there is no individual liability under the ADA or the Rehabilitation Act. ECF No. 4-1 at 16. The ADA does "not provide for causes of action against defendants in their individual capacities." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (*citing Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999)). Similarly, there is no individual liability under the Rehabilitation Act. *See Young v. Barthlow*, CIV.A. RWT-07-662, 2007 WL 5253983, at *2 (D. Md. Nov. 7, 2007) *aff'd*, 267 F. App'x 250 (4th Cir. 2008) ("Individual liability is not contemplated under" the Rehabilitation Act.); *see also Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 636, 104 S. Ct. 1248, 1255, 79 L. Ed. 2d

7

568 (1984) (noting that the Rehabilitation Act "limits the ban on discrimination to the specific program that receives federal funds"). Stiner's claims against Devine must be dismissed.

2. Timeliness

The defendants contend that Stiner's claims against the Board are untimely and must be dismissed. *See* ECF No. 4-1 at 16-18. To bring an ADA or Rehabilitation Act discrimination claim in federal court, a plaintiff must first file administrative charges with the EEOC or an authorized state agency. *See Johnson v. State of Md.*, 940 F. Supp. 873, 875 (D. Md. 1996) *aff'd,* 113 F.3d 1232 (4th Cir. 1997) (*citing* 42 U.S.C. § 2000e-5(e)-(f)); *Alston v. Astrue*, CIV. L-10-3446, 2012 WL 665982, at *4 (D. Md. Feb. 28, 2012) *aff'd,* 474 F. App'x 390 (4th Cir. 2012) ("Identical exhaustion standards apply to claims brought under the Rehabilitation Act and the ADA."). Both Acts require a plaintiff to bring a discrimination claim within 90 days from the date of receipt of the right-to-sue letter. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5; *Catone v. Potter*, 5:08CV132, 2010 WL 1141352, at *2 (W.D.N.C. Mar. 22, 2010).

In determining when the 90-day filing period begins to run, the Fourth Circuit has rejected the "actual receipt" rule and instead has engaged in "a case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654

(4th Cir. 1987). When the actual date of receipt is confirmed by evidence, that date governs. *See Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 WL 245967, at *1 (4th Cir. Sept. 30, 1992) (table). If the date of the receipt is unknown or in dispute, the court applies the presumption in Federal Rule of Civil Procedure 6(e) that service is received within three days.[9]

Here, the right-to-sue letter was mailed on February 13, 2013. ECF No. 1-1 at 1. The date of Stiner's actual receipt of the letter is unknown, so the Court will presume she received it on February 16, 2013. *See Nguyen*, 1999 WL 556446, at *3. Thus, Stiner had until May 17, 2013 to timely file her claims. Because Stiner did not file her complaint until May 21, 2013-- four days after the 90-day filing period expired--her claims against the Board are untimely and will be dismissed.[10]

---

[9] *See e.g., Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (table); *Warfle v. Maryland Dep't of Health & Mental Hygiene,* No. CCB-07-1626, 2008 WL 4516384, at *2-3 (D. Md. Sept. 30, 2008); *Beale v. Burlington Coat Factory,* 36 F. Supp. 2d 702, 704 (E.D. Va. 1999).

[10] Although the 90-day limitations period is subject to equitable tolling, it may only be tolled in limited situations. *See Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999) (*citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir.1990)). The plaintiff has "[t]he burden of showing facts to justify tolling." *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 673 (M.D.N.C. 2010). Stiner has not opposed the defendants' motion or otherwise presented any facts to the Court to justify tolling the limitations period in her case.

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted.

_____1/6/14_____                    _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge